IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM COFER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:16-CV-586-WKW |
| ) | [WO] |
| RANDOLPH COUNTY SHERIFF'S ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Chambers County Jail located in LaFayette, Alabama, files this 42 U.S.C. § 1983 action complaining that he was subjected to excessive force and unconstitutional conditions of confinement at the Randolph County Detention Facility in Wedowee, Alabama. Named as defendants are the Randolph County Sheriff's Department, Robert Moon, and Kirby Bassett. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint against the Randolph County Sheriff's Department prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### I. DISCUSSION

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are well settled that a county sheriff's department is not a legal entity subject

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

to suit or liability. *Id.*; *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991). Moreover, the Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns" such as police departments and drug task forces "lack[ ] the capacity to sue or be sued." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the Randolph County Sheriff's Department is not a legal entity subject to suit and is, therefore, due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Randolph County Sheriff's Department be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Randolph County Sheriff's Department be DISMISSED as a defendant to this complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is ORDERED that **on or before August 9, 2016**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 26th day of July, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE