IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM COFER, JR., | ) |
|    Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:16-cv-586-ECM ) |
| ROBERT MOON, *et al.*, | ) ) |
|    Defendants. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending on a complaint filed by William Cofer, who was incarcerated at the Chambers County Detention Facility in LaFayette, Alabama when he filed suit.[1] Cofer complains that during his incarceration at the Randolph County Detention Facility ("RCDF") in Wedowee, Alabama in January 2016 he was subjected to excessive force, racial discrimination, and unconstitutional conditions of confinement. Cofer names as defendants Robert Moon and Kirby Bassett, who are or were correctional officers at the jail at the time of the challenged actions.[2] Cofer requests relief through the filing of this lawsuit for the alleged violations of his constitutional rights. Doc. 1 at 2–4.

Defendants filed an answer, special report, and supporting evidentiary materials addressing the claims in the complaint. In these documents Defendants deny they acted in violation of Cofer's constitutional rights. Defendants further argue this case is due to be dismissed because prior to filing this cause of action Cofer failed to properly exhaust an administrative remedy available to

---

[1] Cofer is no longer in custody, having been released from prison during the pendency of this action.
[2] The court previously dismissed Cofer's complaint against the Randolph County Sheriff's Department. *See* Docs. 6 & 10.

him at the RCDF regarding the claims in the complaint. Defendants base their exhaustion defense on Cofer's failure to file a grievance pursuant to the facility's grievance procedure regarding the claims raised. Doc. 23 at 9–11.

Upon receipt of Defendants' special report, the court issued an order providing Cofer an opportunity to file a response. This order directed Cofer to address Defendants' arguments that: "(i) Plaintiff's claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act [prior to filing this federal civil action] . . . ; and (ii) [t]he claims contained in the complaint fail to establish a violation of his constitutional rights by Defendant." Doc. 33 at 1–2 (footnote omitted). The order also advised Cofer his response should be supported by affidavits, statements made under penalty of perjury, or other appropriate evidentiary materials. Doc. 33 at 3. The order further cautioned Cofer that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is appropriate, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 33 at 3.

Cofer took advantage of the opportunity granted to file a response to Defendants' special report. Doc. 35. In response to Defendants' exhaustion defense, Cofer argues he could not exhaust administrative remedies because he was transferred from the RCDF two weeks after the use of force incident about which he complains during which time he was on lock down a majority of the time. Doc. 35 at 2–3. To support their special report, Defendants produced Cofer's inmate file

2

maintained at the county jail which refutes his claim he was impeded in his ability to access the grievance procedure. These documents reflect Cofer was booked into the RCDF on January 6, 2016 and released on February 5, 2016. Doc. 23-1 at 9. Cofer's inmate file also show that during that time period he had access to and utilized the jail kiosk numerous times to submit grievances, medical requests, and general inquiries none of which, however, concerned the subject matter of the complaint. Doc. 23-2 at 27–38 & 40–51. While Cofer maintains he had insufficient time following the alleged use of force incident—which occurred on January 19, 2016—in which to exhaust administrative remedies due to his transfer to another jail, the documents maintained in his inmate file show he accessed the jail kiosk thirteen times after January 19, 2016, to submit medical requests, general inquiries, and grievances, none of which were related to the issues challenged in this case. Doc. 23-1 at 38 & 40–51.Contrary to Cofer's conclusory and unsupported assertions, these documents demonstrate that during all times relevant to the allegations made, he could freely access the grievance process, including the period following after the January 19, 2016, incident, until his transfer from the RCDF on February 5, 2016.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted); *Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (finding district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies"). Therefore, the court will treat Defendants' special report as a motion to dismiss.

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

"When deciding whether a prisoner has [properly] exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'" *Myles*, 476 F. App'x at 366 (quoting *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). "If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.'" *Id.* (quoting *Turner*, 541 F.3d at 1082). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an

inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

Upon review of the complaint, Defendants' dispositive motion, and the undisputed evidentiary materials filed in support thereof, the court concludes Defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

Cofer complains that while detained at RCDF, Defendants subjected him to a racially motivated use of force on January 19, 2016. Cofer further alleges the showers at the RCDF are not cleaned properly. Doc. 1 at 2–3. Defendants deny these allegations and also assert this case is subject to dismissal because Cofer failed to exhaust the administrative remedy provided to him at the RCDF prior to filing suit, as required by the PLRA. Doc. 23.

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

> The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the

district court, but is mandatory. Prisoners must now exhaust all "available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies.

*Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. Generally, a remedy is "available" when it has "sufficient power or force to achieve an end, [or is] capable of use for the accomplishment of a purpose." *Booth*, 532 U.S. at 737 (quotation marks omitted). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93.

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Id.* at 90–91 & 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83–84; *Bryant*, 530 F.3d at 1378 (holding

6

that, to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the RCDF provides an administrative remedy for inmate complaints through an inmate grievance procedure. Defendants' evidentiary materials reflect that Cofer had access to the grievance procedure at the RCDF at all times while in the county facility and that no member of the jail staff interfered with his ability to file a grievance. The inmate grievance policy, the medical care policy, and all other RCDF policies and procedures are contained in the RCDF inmate handbook, a copy of which is given to each inmate during the booking process. When an inmate has a grievance, he or she may request an Inmate Request Form from any member of jail staff. The inmate is instructed to return the signed and completed form to any member of the jail staff. The grievance procedure at the RCDF also allows an inmate to submit grievances by using a kiosk to electronically submit a grievance. A kiosk also is available in each cell block of the RCDF through which an inmate may electronically send grievances, medical requests, general requests, or questions to jail staff. An inmate's grievance is investigated and answered, in writing, within 72 hours of receipt, excluding weekends or holidays. Grievances are first answered by the Jail Administrator or Shift Supervisor regarding inmate complaints and problems at the RCDF.

The grievance form is then returned to the inmate and a copy of the grievance is placed in the inmate's jail file by the jail administrator. If a longer period is required to provide an adequate response to an inmate grievance, the inmate is notified in writing. Grievances of an emergency nature are answered as soon as possible. If an inmate is not satisfied with a response to a grievance, the inmate may appeal up the chain of command to the Sheriff. Docs. 23-2, 23-6, 23-7 & 23-8.

The record establishes that Cofer had an administrative remedy available to him at the RCDF during his confinement at the facility. Cofer does not challenge the availability of a grievance procedure at the jail. Defendants' evidence further establishes Cofer failed to properly exhaust the remedy prior to filing this civil action. Specifically, despite the availability of a grievance procedure, Cofer submitted no grievance in accordance with the RCDF's grievance procedure addressing the claims he presents for relief.  Cofer's conclusory, unsupported, and refuted allegations do not justify his failure to exhaust this administrative remedy during the time it was available to him.  The pleadings filed by Cofer further establish that since filing this cause of action he has been released from custody.  Cofer's access to the administrative remedy provided by Defendants is, thus, no longer available to him. Dismissal with prejudice is therefore appropriate. *Woodford*, 548 U.S. at 87–94. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (holding that an inmate's "federal lawsuits [is] properly dismissed with prejudice" where previously available administrative remedies have become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (Doc. 23) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Randolph County Detention Facility prior to initiating this cause of action.

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a).

3. No costs be taxed.

It is ORDERED that **on or before July 8, 2019,** the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 24th day of June, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE